**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 16-80107-CR-ROSENBERG**

**UNITED STATES OF AMERICA,**
        **Plaintiff,**

**v.**

**GREGORY HUBBARD, et al.,**
        **Defendants.**
_____/

**<u>JOINT STATUS REPORT</u>**

The United States and defendants Gregory Hubbard, Dayne Christian, and Darren Jackson, pursuant to the court's order dated February 7, 2017, DE 87, hereby file this joint status report addressing the status of all the discovery-related matters discussed at the January 26, 2017, status conference as well as additional matters the parties would like to present for the Court's consideration.

**I.    <u>PLEA NEGOTIATIONS</u>**

As a preliminary matter, Mr. Christian, Mr. Jackson, and the government have engaged in extensive discussions in order to resolve each of their cases. Within the next two weeks, counsel for the government and counsel for both Mr. Christian and Mr. Jackson anticipate requesting a date for a change of plea hearing.

II.     **SUMMARY OF ISSUES DISCUSSED AT THE JANUARY 26, 2017 STATUS CONFERENCE**

   A.  **Discovery of co-defendants' electronic devices**

**Government counsels' position:**

The government has provided mirror images of all devices seized to the defendant from whom each device was seized. In addition, the search warrant results of some of the electronic devices taken from Hubbard and Jackson have been provided to other counsel, *see* Supplemental Discovery filed at DE 88.

Government counsel will provide evidence seized as a result of search warrants for all the devices to every defendant.

**Mr. Hubbard's counsels' position:**

The government's estimated deadline of March 26, 2017, barring technical difficulties, for the remaining devices is acceptable to counsel for Mr. Hubbard.

   B.  **Consensual Audio Recordings Between Defendants and the Confidential Source(s)**

Government counsel has provided all consensual audio recordings to all defense counsel and does not anticipate providing any additional consensual audio recordings.

With regards to counsel for Mr. Hubbard's request regarding non-consensual recordings, government counsel has indicated that it cannot answer that question as it potentially implicates classified information and hence CIPA protections would be invoked.

## C.  Transcripts of Consensual Recordings Between Defendants and the Confidential Source(s)

**Government counsels' position:**

The government has submitted for transcription and received draft transcripts from most of the consensually recorded sessions on disc 12 (July 21), disc 11 (July 18-21), and disc 7 (July 13-14).   In that these are the first work product received from this vendor on this case, we are currently reviewing these transcriptions for accuracy and completeness. The government continues to identify the recordings (date and session) to provide to the vendor and will provide at the status conference on March 9, more dates of consensually recorded conversations that are being considered for transcription, taking into account the potential pleas of co-defendants and government budget.

**Mr. Hubbard's counsels' position:**

Mr. Hubbard's counsel would request to be provided copies of the draft transcripts so that they may also review for accuracy and completeness.

Moving forward after the March 9, 2017 status conference, Mr. Hubbard's counsel would respectfully request that government counsel notify them on a rolling basis as consensually recorded conversations are considered for transcription, rather than waiting until the next status conference, in order to avoid duplication of efforts and government resources.

## D.  Video Recordings

### 1.  Video from the 24-Hour surveillance pole camera

**Government counsels' position:**

The government has provided to defense counsel a certain date and time which would be

offered as evidence at trial.   If any other specific dates and times are determined to be of evidentiary value, the government will provide those specifics to counsel.

**Mr. Hubbard's counsels' position:**

As discussed with government counsel on March 2, 2017, it appears that, at this time, the government does not anticipate using any other segments of the video at trial.

However, as discussed on March 2, 2017, should the government decide to use another segment, the parties have agreed that government counsel will notify counsel for Mr. Hubbard promptly regarding the date, time, and summary of the relevance of that video segment so that Mr. Hubbard's counsel has adequate time to review, conduct its independent investigation, and prepare and litigate any corresponding pre-trial motions.

## 2.   Video of Defendants' meetings with the confidential source

Government counsel has provided all consensual video recordings in an unpixelated format to all defense counsel in order to expedite the discovery process. Use of such video at trial by any defendant, however, will require the selected segment to be pixelated. Defense counsel shall notify government counsel of which video recordings it will seek to play no later than close of business October 1, 2017, in order to ensure that the selected segment can be pixelated in time.

On March 2, 2017, government counsel was notified by the agents that a consensual video recording from May 20, 2016, was inadvertently not disclosed to Mr. Hubbard's counsel. As discussed between government counsel and counsel for Mr. Hubbard, this disclosure will be made promptly in an unpixelated format.

4

### E.   Forensic Review of Hubbard's devices

**Government counsels' position:**

Counsel for Hubbard is conducting his own forensic review.

Government counsel anticipates disclosing additional electronic devices for Mr. Hubbard, including his Samsung cell phone and external hard drive by March 26, 2017, absent any unexpected technical difficulties.

**Mr. Hubbard's counsels' position:**

Undersigned counsel is in the process of reviewing the electronic devices belonging to Mr. Hubbard that government counsel has disclosed.

This includes the February 24, 2017 supplemental disclosure by the government of one DVD containing the search warrant results for defendant Hubbard's Gateway laptop computer and Hubbard's HP laptop computer.

Government counsel has notified counsel for Mr. Hubbard that it will be disclosing additional electronic devices belonging to Mr. Hubbard, including his Samsung cell phone and external hard drive by Marcy 26, 2017. As soon as those disclosures are made, counsel for Mr. Hubbard will undertake the necessary forensic review.

### F.   Defense requested discovery pursuant to *Brady, Giglio, Napue*, and *Bruton*

**Government counsels' position:**

The government has reviewed the list of items requested by the defense. This list included many items that are traditional *Giglio*. The government will produce the *Giglio* information in a timely manner without the need of any further order.

As to any potential *Bruton* issue, if any post-arrest statement is elicited at a joint trial, the

government would not offer any statements that would implicate *Bruton*.

It is the government's position that the other requests are, by and large, in the nature of interrogatories and thus fall outside the purview of Rule 16.

**Mr. Hubbard's counsels' position:**

Counsel for Mr. Hubbard objects to counsel for the government's stated positions that it should be permitted to determine (a) what is *Giglio* and the appropriate time for disclosure absent Court order; (b) what qualifies as a "potential" *Bruton* statements and whether and when it should be disclosed; and (c) whether the requests made by counsel for Mr. Hubbard lack a legal justification.

To avoid belaboring the substantive issues regarding discovery that are best addressed by the Court in a separate hearing, Mr. Hubbard's counsel will file motions to compel in support of its discovery requests to date to government counsel no later than March 2, 2017.

By way of background only as to the efforts among counsel to resolve discovery matters—and not to litigate the substantive issues at this time--in addition to the 38 items of requested discovery discussed at the January 26, 2017 status, conference, Mr. Hubbard's counsel provided a supplemental list of discovery requests and appended the original 38 requests to government counsel by emailed memorandum on February 24, 2017. In that memorandum, Mr. Hubbard's counsel asked government counsel to advise regarding each request,

(a) either whether the government anticipates making the requested disclosure or whether government counsel requires any clarification and if so, government counsel's questions so that undersigned counsel may provide written answers to avoid any confusion in the government's compliance with the request; or

(b) whether government counsel is declining to comply with the request and upon which legal grounds;

6

(c) if government counsel is currently unable to select one of the above answers (i.e. (a) or (b)), please specify when government counsel anticipates being able to do so.

On March 2, 2017, counsel for the government and Mr. Hubbard discussed that these matters are best addressed in a separate hearing before the Court as some of those requested disclosures may implicate classified information.

### G. Expert Disclosures by the Government

**Government counsels' position:**

The government has provided notice of its ISIL expert. The government will provide the names and CV's of the computer experts who conducted the forensic search of the various devices.

**Mr. Hubbard's counsels' position:**

After government counsel filed its notice of expert disclosure regarding its ISIL expert on February 27, 2017, counsel for Mr. Hubbard has requested information that it believes is required under the Fed. R. Evid. Specifically, counsel for Mr. Hubbard has communicated to the government counsel that even though it is not seeking to elicit any opinion testimony from Dr. Byman, it appears from the filed notice that the government will be seeking  "information", "knowledge" and "explanations" from him. Accordingly, counsel for Mr. Hubbard has requested that the government provide the content of the "information", "knowledge," and "explanations."

This is because, without knowing the specific content of that "information", "knowledge," and "explanations" to which he will be testifying as an expect, counsel for Mr. Hubbard is unable to determine if they need to retain an expert and what that expert should be prepared to address. Moreover, in the absence of those answers, counsel for Mr. Hubbard is prevented from being able to competently prepare a cross-examination of the government's expert.

At the time of the filing of this joint status report, government counsel has advised that it will oppose a motion to compel disclosure of that information on the basis that their interpretation of the Fed. R. Evid. is that it does not require production of what counsel for Mr. Hubbard is requesting.

Efforts to resolve this issue among counsel has been unsuccessful. Counsel for Mr. Hubbard will be filing a motion to compel production of the specific testimony of the government's expert in advance of the March 9, 2017, status conference in order to permit the parties additional time to work together to resolve the issue without judicial intervention.

### III.   HUBBARD'S REQUEST TO DISCUSS OTHER LEGAL ISSUES

#### A.   Fed. R. Evid. 404(b) Notice

Such a notice has not yet been filed pursuant to Fed. R. Evid. 404(b). On March 2, 2017, counsel for the government notified counsel for Mr. Hubbard that, at the moment, it does not anticipate seeking to introduce evidence under Fed. R. Evid. 404(b). The Court may wish to set a deadline for any such disclosures.

#### B.   Filings Pursuant to Section 2 of the Classified Information Procedures Act ("CIPA")

On October 24, 2016, government counsel filed its Motion for a Pretrial Conference Pursuant to Section 2 of the Classified Information Procedures Act ("CIPA"). DE 48.

In that motion, government counsel stated that it "does not ask the Court to set a hearing date at this time, as any meaningful discussion of classified issues may still be premature" and that it was "filing this motion now so that its formal request is in place." DE 48 at 1.

### CONCLUSION

The undersigned have conferred with counsel for Mr. Christian and Mr. Jackson and have

been permitted to represent the above as a joint status report.


Respectfully submitted by counsel for the government and Mr. Hubbard,


WIFREDO A. FERRER                        MICHAEL CARUSO
UNITED STATES ATTORNEY                   FEDERAL PUBLIC DEFENDER


By:    */s/ Karen E. Gilbert*            By:    */s/ Vanessa L. Chen*
       KAREN E. GILBERT                         VANESSA L. CHEN
       Assistant United States Attorney         Assistant Federal Public Defender
       Florida Bar No. 771007                   Special Bar No. A5501529
       99 NE 4th Street, Suite 800              150 West Flagler Street, Suite 1700
       Miami, FL 33132                          Miami, FL 33130
       Tel: (305) 961-9000                      Tel: (305) 530-7000
       Fax: (305) 536-4675                      Fax: (305) 536-4559
       Karen.Gilbert@usdoj.gov                  Vanessa_Chen@fd.org

       */s/ Edward Nucci*                        */s/ Anthony J. Natale*
       Edward Nucci                             Anthony J. Natale
       Assistant United States Attorney         Supervisory Assistant Federal Public Defender


       */s/ Lawrence Schneider*
       Lawrence Schneider
       United States Department of Justice
       National Security Division


9

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was served by

CM/ECF to all counsel listed this 2nd day of March, 2017.


By:   */s/ Karen E. Gilbert*            By:   */s/ Vanessa L. Chen*
       KAREN E. GILBERT                          VANESSA L. CHEN
       Assistant United States Attorney           Assistant Federal Public Defender

10