**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 16-80107-CR-ROSENBERG**

**UNITED STATES OF AMERICA,**

**Plaintiff,**

**vs.**

**GREGORY HUBBARD,**

**Defendant.**
______________________________/

# DEFENDANT GREGORY HUBBARD'S MOTION TO COMPEL PRODUCTION REGARDING GOVERNMENT NOTICE OF EXPERT TESTIMONY [DE 89]

The defendant, Gregory Hubbard, by and through his counsel files this motion to compel the government to provide the information required pursuant to Fed. R. Crim. P. 16(a)(1)(G), Fed R. Evid. 702 and 703. In support of this motion Mr. Hubbard states the following:

## BACKGROUND

On February 27, 2017 the Government filed a Notice of Intent to Rely Upon Expert Testimony. [DE 89].[1] The government's notice states:

> Dr. Byman will be a subject matter expert on various topics relating to terrorism and recruitment of foreign fighters. This will include assisting the jury in their general understanding of the Islamic State also known as ISIL; ISIL leadership and command structure; the key

[1] The government's notice included a copy of Dr. Byman's curriculum vitae. Counsel for Mr. Hubbard does not contest that Dr. Byman possesses relevant education, experience, and credentials.

> elements of ISIL's strategy; the continued resonance of their message, and their continued ability to attract recruits to replenish their ranks; the general encouraging and promoting violent jihad by various radical lies individuals and the English language materials recorded in support of violent jihad; the use of online English language magazine, entitled *Dabiq*; the use of online social media by individuals involved in violent jihad; the use of the Internet as a way of communication in real time and how it has enable terrorist to reach a potentially vast audience faster, more persuasively and more efficiently than ever before.
>
> Dr. Byman will explain how terror networks utilize the Internet and social media to assist in use for carrying out their goals.

Believing that the notice lacked the specificity required in Fed. R. Crim. P. 16 (a)(1)(G), S.D. Fla. Local Rule 88.10(n), Federal Rules of Evidence 702 and 703; and in an effort to resolve the issue without the need for judicial intervention as required by local rule, counsel for Mr. Hubbard, via email, requested that the government provide him the contents of Dr. Byman's "opinions", "explanations," "information" and/ or "historical context" which the government intends to elicit from him.

In response, the government replied:

> We oppose your motion, the rule does not require what you are requesting[;][2]
>
> [and]
>
> We intend to use this expert as a witness with specialized knowledge to assist the trier of fact. He is not going to review any of the evidence in this case and he is not going to render any opinion. He recently testified in US v. Suarez, Judge Martinez, Key West.[3]
>
> [and]

---

[2] Email from Karen Gilbert, Mar. 1, 2017, at 9:51 a.m.
[3] Email from Karen Gilbert, Mar. 1, 2017, at 12:15 p.m.

> I think we have complied with the rule. We would oppose providing any further detail. It seems you are asking for the list of questions I will ask in direct exam. Our previously provided summary details the areas in which he will provide testimony.[4]

For clarity's sake, counsel for Mr. Hubbard, via email, explained that he was not seeking the list of questions the government was intending to ask on direct examination. Rather, the request was made because without knowing the content of his testimony, counsel for Mr. Hubbard would be unable to determine whether they: (1) would object to all or part of his testimony; (2) needed to hire its own expert to rebut the government's expert and which subject areas a potential defense rebuttal expert would be required to address; (4) had grounds for raising a *Daubert* challenge; and (5) would be able to competently prepare for his cross-examination.

Accordingly, after elucidating the bases for the request, counsel for Mr. Hubbard requested that the government provide the following information regarding Dr. Byman pursuant to Fed. R. Crim. P. 16 (a)(1)(G), S.D. Fla. Local Rule 88.10(n), and Federal Rules of Evidence 702 and 703:

1. What are the various topics relating to terrorism and recruitment of foreign fighters you intend to elicit?
2. Are those topics limited to the areas listed in your next sentence? If not, what are those other topics?
3. What will he say is ISIL's leadership and command structure?
4. What will he say are the key elements of ISIL's strategy?
5. What will he say is "the continued residence of their message?"

[4] Email from Karen Gilbert, Mar. 1, 2017, at 9:29 p.m.

6. What will he say is their continued ability to attract recruits and to replenish their ranks?

7. What will he say is the general encouraging and promoting violent jihad by various radicalized individuals and the language materials recorded in support of violent jihad?

8. What will he say is the use of the online English-language magazine, entitled *Dabiq*?

9. What will he say is the use of online social media by individuals involved in violent jihad;

10. What will he say is the use of the Internet as a way of communication in real time and how will he say it has enable terrorist to reach a potentially vast audience faster, more persuasively and more efficiently than ever before.

11. What is the content of Dr. Byman's "explanation" of how terror networks utilize the Internet and social media to assist in carrying out their goals.[5]

Government counsel has stated by email and telephonically to counsel for Mr. Hubbard that it opposes the relief sought in this motion as it does not interpret its requirements under the relevant local rules, rules of criminal procedure, and rules of evidence to necessitate the disclosures sought.

## MEMORANDUM OF LAW

Fed. R. Crim. P. 16 (a)(1)(G), which controls government's disclosure of expert witnesses, expressly states:

> At the defendant's request, the government must give to the defendant a written summary of **any** testimony that the government intends to use under Rules 702, 703 or 705 of the Federal Rules of Evidence during its case in chief." (emphasis added).

[5] Email sent by Anthony J. Natale, March 2, 2017.

The rule further directs that the summary provided must describe the witness's opinions, the basis and reasons for those opinions, and the witness's qualifications.

Similarly, the Standing Discovery Order entered in this case specifically states that all parties to this action shall review and comply with the Southern District of Florida Local Rules 88.10 (Criminal Discovery) and 88.9(c). [DE 10]. Local Rule 88.10(n), states in pertinent part:

> (n) The government shall, upon request of the defendant, disclose to the defendant a written **summary of testimony** the government reasonably expects to offer at trial under Federal Rules of Evidence 702,703, or 705. This summary must describe the witnesses' opinions, the bases and the reasons therefore, and the witnesses' qualifications. (emphasis added).

Although the government's notice provides the witness's qualifications and the government's assurances that it will not be eliciting any opinions from Dr. Byman nor will he review any of the evidence in the case, that does not cure the insufficiency of their notice of expert testimony.

This is because the notice fails to articulate the specific "knowledge," "information," or "explanations" that Dr. Byman will provide as an expert to "assist the trier of fact." The Advisory Committee Notes, explain that the expert disclosure requires, ". . . . , what the testimony will consist of, and the basis of the testimony." The Advisory Committee Notes further state that the intent of requiring that parties disclose this information is "to minimize surprise that often results from unexpected expert testimony, reduce the need for continuances, and to provide the

opponent with a fair opportunity to test the merit of the expert's testimony through focused cross-examination." Advisory Notes, Fed. R. Crim. P. 16. (1993 Amend.).

Consequently, the requirements of Fed. R. Crim. P. 16(a)(1)(G) apply to "any testimony" of an expert and not limited solely to "opinions." The requested information is necessary for Mr. Hubbard's counsel to determine whether he objects to all or part Dr. Byman's testimony, whether there is a need to retain his own expert, and if such a need exists, counsel would need to relate what specific "knowledge", "information" or "explanations" the his expert should be requested to testify about. The production of the requested information is also necessary if Mr. Hubbard's counsel is to competently prepare of Dr. Byman's cross-examination.

Additionally, the requested information is necessary to permit Mr. Hubbard's counsel to raise, with required specificity, a pre-trial *Daubert* challenge to Dr. Byman's testimony thereby allowing the parties to present the Court with a focused factual record and competently briefed arguments regarding what, if any, of Dr. Byman's testimony should be allowed.

The Government's refusal to provide this information is not only a violation of its obligations under Fed. R. Crim. P. 16 (a) (1) (G); it is also a violation of Mr. Hubbard's due process rights as guaranteed by the Fifth and Sixth Amendments to the United States Constitution.

Wherefore, Mr. Hubbard respectfully requests that the Court enter an order requiring the government to provide his counsel with the information requested above.

Respectfully submitted,

MICHAEL CARUSO
FEDERAL PUBLIC DEFENDER

By: s/ *Anthony J. Natale*
Anthony J. Natale
Assistant Federal Public Defender
Florida Bar No. 296627
150 West Flagler Street, Suite 1500
Miami, Florida 33130
Tel: 305-533-4246 / Fax: 305-536-4559
E-Mail: anthony_natale@fd.org

**CERTIFICATE OF SERVICE**

I hereby certify that on March 3, 2017, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

By: s/ *Anthony J. Natale*
Anthony J. Natale