UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. **16-80107-CR-ROSENBERG**

**UNITED STATES OF AMERICA,**

v.

**GREGORY HUBBARD,**
        **Defendant.**
_____/

**GOVERNMENT RESPONSE TO HUBBARD'S MOTION TO COMPEL
PRODUCTION REGARDING EXPERT TESTIMONY**

The United States, by and through the undersigned Assistant United States Attorney, hereby responds to Defendant Hubbard's Motion to Compel Production Regarding Government Notice of Expert Testimony (DE 91)[1]. This court should deny the motion on the following grounds:

On February 27, 2017, the Government filed a Notice of Expert Witness (DE 89) which summarized the specific areas in which the expert witness will testify. The filing also included the lengthy C.V. of the expert, Dr. Daniel Byman. This witness will not be asked to state any opinions, including his opinion on whether Hubbard was radicalized or intended to travel to fight on behalf of ISIL. Further, as defense counsel was told, this witness has not and will not review any of the evidence collected in this investigation.

---

[1] In his motion, Hubbard relies upon S.D. Fla. Local Rule 88.10(n). Local rule 88.10(n) was revised as of December 1, 2016, and no longer deals with expert witnesses. Of course Fed. R. Crim. P. 16, in regard to expert witnesses remains unchanged.

This witness has specialized knowledge of the Islamic State, also known as ISIL and how terrorist organizations recruit its fighters, including the areas listed in the government notice. This witness will simply be used to aid the jury in its determination of the case by providing testimony to assist their understanding of the evidence presented.

For example, prior to the testimony of this expert witness, evidence will be presented regarding the co-conspirators discussing particular ISIL propaganda. Thereafter, this witness will be asked about the same propaganda (without knowing what has been entered into evidence) and explain how it was publicized by ISIL through its spokesperson or their official social media account, thus, showing the co-conspirators actual knowledge of ISIL propaganda. Another example would be when the co-conspirators discussed the attack in San Bernardino or the Pulse nightclub attack in Orlando. This witness will explain what those events were and the claims of responsibility by ISIL.

Hubbard is asking for much more than a "summary" of the expert testimony. On pages 3-4 of his motion, he lists eleven questions, many of them beginning "what will he say" and then continues with the information provided in the expert notice. It appears that Hubbard is asking this court to compel the government to provide all of the answers to each question the government will ask at trial.

Further, defendant was told that this same expert witness recently testified in January 2017 in the trial of *United States v. Harlem Suarez,* 15-10009-CR-Martinez. Suarez was an ISIL supporter who attempted to explode a bomb on a Key West beach. He was convicted of attempting to provide material support to ISIL and attempting to use a weapon of mass destruction. Hubbard can certainly order a copy of that transcript and see exactly how the expert's testimony was elicited.

The only anticipated difference between the prior testimony and this case will be the shift from an ISIL attack in the United States to an individual leaving the United States to fight for ISIL, also known as a foreign fighter.

As stated in his C.V., Dr. Byman recently authored *Al Qaeda, The Islamic State, and the Global Jihadist Movement, What Everyone Needs to Know*.  In Chapter 8, Dr. Byman answers many of the same questions he will be asked during his testimony.  For example:  Who is al-Baghdadi; where did the Islamic State come from; what do they want; and how do they publicize their cause. Answers that only a witness who has studied this organization can answer.  Jurors may know some information about ISIL based on news reporting, however, it requires a witness with specialized knowledge to properly offer this evidence to satisfy the government's burden of proof.

## ARGUMENT

Upon a defendant's request in a criminal matter, the government must provide the defendant with a written summary of any expert testimony it intends to use in its case-in-chief at trial. Fed. R. Crim. P. 16(a)(1)(G). Any expert summary the government provides "must describe the witness's opinions, the bases and reasons for those opinions, and the witness's qualifications." Id. This rule does not limit the amount of information the government may disclose but creates a minimum threshold. Fed. R. Crim. P. 16 advisory committee's notes, 1974 amendment.

As stated above, the government is not going to elicit any opinions by the expert in this case nor did this expert conduct any type of scientific testing.

In *United States v. DSD Shipping,* 2015 WL 5737157 (S.D. Alabama 2015), in the context of a Motion to Exclude the Expert Witness or, in the alternative, a Motion to Compel Supplemental

3

Notice, the court stated:

> Rule 16 disclosure is intended to "minimize the results from unexpected expert testimony ... and to provide the opponent with a fair opportunity to test the merit of the expert's testimony through focused cross-examination." Fed. R. Crim. P. 16 advisory committee's notes, 1993 amendment; *see also United States v. Noe*, 821 F.2d 604, 607 (11th Cir. 1987) (noting that the purpose of Rule 16(a) is to protect a defendant's right to a fair trial). But as the committee notes caution, the requirement for expert disclosure is "not intended to create unreasonable procedural hurdles." Fed. R. Crim. P. 16 advisory committee's notes, 1993 amendment. And disclosure does not require the government to disclose every "nuance and detail" of its expert's opinion, "or which may be drawn out on cross-examination." *United States v. Campbell*, 2006 WL 346446, at *1 (N.D. Ga. Feb. 13, 2006).

Hubbard cannot demonstrate that the expert witness will provide any "unexpected testimony" nor can Hubbard compel every detail of the testimony. The Notice provides Hubbard with a "fair opportunity" to prepare for cross-examination of this witness.

By reading the Suarez trial testimony and one chapter of Dr. Byman's latest book, Hubbard will certainly be prepared for the testimony of this witness.

## CONCLUSION

This court should deny the Motion to Compel and find that the Notice is sufficient to satisfy Rule 16 requirements.

>Respectfully submitted,
>
>BENJAMIN G. GREENBERG
>ACTING UNITED STATES ATTORNEY

By:  */s/ Karen E. Gilbert*
KAREN E. GILBERT
Assistant United States Attorney
Florida Bar No. 771007
99 NE 4th Street, Suite 800
Miami, FL 33132
Tel: (305) 961-9000
Fax: (305) 536-4675
Karen.gilbert@usdoj.gov

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was served by CM/ECF to all counsel listed this 7th day of March, 2017.

>*/s/ Karen E. Gilbert*
>Karen E. Gilbert
>Assistant United States Attorney

5

## SERVICE LIST

**United States v. Gregory Hubbard, et al**
**Case No. 16-80107-CR-ROSENBERG/HOPKINS**
**United States District Court, Southern District of Florida**

Edward C. Nucci
Assistant U.S. Attorney
Edward.Nucci@usdoj.gov
U.S. Attorney's Office
500 S. Australian Avenue
Suite 400
West Palm Beach, FL 33401
Telephone: (561) 820-8711
Facsimile: (561) 820-8777
**Attorney for United States**
[Service via CM/ECF]

Karen E. Gilbert
Assistant U.S. Attorney
Karen.Gilbert@usdoj.gov
U.S. Attorney's Office
99 N.E. 4th Street
8th Floor
Miami, FL 33132
Telephone: (305) 961-9161
Facsimile: (305) 536-4675
**Attorney for United States**
[Service via CM/ECF]

Lawrence Schneider
Trial Attorney
Counterterrorism Section
National Security Division
U.S. Department of Justice
Admin No. A5501085
Telephone: (202) 616-4940
Larry.Schneider@usdoj.gov
**Attorney for United States**
[Service via CM/ECF]

Anthony John Natale
Federal Public Defender's Office
150 W Flagler Street
Suite 1500
Miami, FL 33130-1556
305-523-4246
Fax: 305-530-7120
Email: Anthony_Natale@fd.org
**Attorney for Gregory Hubbard**
[Service via CM/ECF]

Michael Salnick
1645 Palm Beach Lakes Boulevard
Suite 1000
West Palm Beach, FL 33401
561-471-1000
Fax: 561-659-0793
Email: msalnick@fblawn.net
**Attorney for Dayne Antani Christian**
[Service via CM/ECF]

Julie Prag Vianale
Vianale & Vianale
5550 Glades Road
Suite 500
Boca Raton, FL 33431
561-392-4750
Fax: 561-961-5191
Email: jvianale@vianalelaw.com
**Attorney for Darren Arness Jackson**
[Service via CM/ECF]