**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.: 16-CR-80107-ROSENBERG**

**UNITED STATES OF AMERICA,**

**Plaintiff,**

**vs.**

**GREGORY HUBBARD, et al.,**

**Defendants.**
**_________________________________/**

**UNITED STATES' RESPONSE IN OPPOSITION TO DEFENDANT GREGORY HUBBARD'S MOTION TO COMPEL DISCOVERY**

COMES NOW the United States of America, by and through its attorneys, Benjamin G. Greenberg, Acting United States Attorney for the Southern District of Florida, Karen Gilbert and Edward C. Nucci, Assistant United States Attorneys, and Lawrence Schneider, Trial Attorney, U.S. Department of Justice, and hereby responds in opposition to defendant Gregory Hubbard's Motion To Compel Discovery.

On March 3, 2017, the day after the parties filed their Joint Status Report [DE:90], defendant Gregory Hubbard filed a Motion to Compel Discovery [DE:92] requesting that the government produce "any document or information that support" the allegations in the indictment including, but not limited, to the list of requests that were attached to the Motion as Appendix A and that had been sent to the government on February 24, 2017. Defendant Hubbard's initial list of 38 "discovery disclosure" requests was supplemented and now

numbers 62 items. As will be discussed below, defendant's Motion should be denied. More than half of the requests are, in whole or part, for *Giglio* material. Other requests require responses that would implicate classified information and/or the law enforcement privilege. Several other requests have already been addressed in the Joint Status Report. [DE:90]. The remainder of the requests on the list are posited without any explanation of how each item might be helpful or material to the preparation of the defense as required by case law and must be denied.

DISCUSSION

At the outset, defendant Hubbard's list of 62 items can be broken down into several categories. First, in the Government's estimate, 33 of the items on the defendant's list of requests deal, in whole or in part, with potential *Giglio* impeachment material relating to the CHS/s. (#5-#28, #32, #38, #45-#46, #51-#52, #55-#57). Many of these are overbroad in their scope and lack specificity and are in the nature of interrogatories. The government has already stated that it will produce case-related *Giglio* information in a timely manner without the need for further court order [DE:90 at 5]. See also, United States v. Jordan, 316 F.3d 1215, 1253 (11th Cir. 2003). (impeachment evidence should be disclosed in time to permit defense counsel to use it effectively in cross-examining the witness.)

Other requests on defendant's list require responses that would implicate classified information and/or the law enforcement privilege. Further, several other requests are addressed in the Joint Status Report.[1] The rest of defendant Hubbard's requests lack the

[1] Items 1-4 seek information that could be considered similar act evidence under Fed.R.Evd. 404(b) or inextricably intertwined evidence outside of Rule 404(b). This was addressed to a certain extent in the Joint Status Report at Part III A on page 8 [DE:90]. Items 29-31 are addressed in Section II, B of the Joint

necessary explanation and should be denied as discussed below.

Defendant Hubbard bases his Motion to Compel on Federal Rule of Criminal Procedure 16 (a)(1)(E)(i). That Rule, upon a defendant's request, requires the government to permit a defendant to inspect and copy or photograph documents and objects in the government's possession, custody, or control that are material to preparing the defense. However, Rule 16(a)(2) specifically limits the scope of Rule 16(a)(1)(E) and states that the rule does not authorize the discovery or inspection of reports, memoranda, or other internal government documents made by an attorney for the government or other government agent in connection with investigating or prosecuting the case. Nor does this rule authorize the discovery or inspection of statements made by prospective government witnesses except as provided in 18 U.S.C. § 3500. To support his claim that his list of requests calls for documents or objects that would be helpful or material to the preparation of the defense, the defendant, rather than proffering explanations, simply proclaims that "there can be no dispute that the information requested would be helpful to the preparation of [his] defense" because the defense is seeking information that is "directly tied to allegations in the indictment" and as such, will surely produce material helpful to the defense. [DE:92 at 3]. This is just the kind of conclusory argument found insufficient in United States v. Jordan, 316 F.3d 1215 (11th Cir. 2003).

In Jordan, the Eleventh Circuit set out the test for government disclosures under this prong of Rule 16 (a)(1)(E).

---

Status Report. Items 33-34 are addressed in Section II, A of the Joint Status Report. In relation to Item 47, the government will supply defendant Hubbard with the recorded post-arrest statements of his co-defendants.

> An item in the first category need not be disclosed unless the defendant demonstrates that it is material to the preparation of his defense. A general description of the item will not suffice; neither will a conclusory argument that the requested item is material to the defense. Rather, the defendant must make a specific request for the item together with an explanation of how it will be 'helpful' to the defense.' As the Fifth Circuit put it in United States v. Buckley, 586 F.2d 498, 506 (5th Cir. 1978) (quoting United States v. Ross, 511 F.2d 757, 762-63 (5th Cir. 1975)), the defendant must 'show' more than that the [item] bears some abstract logical relationship to the issues in the case…There must be some indication that the pretrial disclosure of the [item] would…enable[ ] the defendant significantly to alter the quantum of proof in his favor. (citations omitted).

See also, United States v. Cruz-Camacho, 588 Fed Appx. 886, 889 (11th Cir. 2014) (defendant must demonstrate that the item is material to preparation of the defense).

While defendant Hubbard previously filed an ex parte attachment to an earlier motion to Continue Trial [DE:53 at 12], he has not provided the government with the necessary explanations of why the information he seeks is material to the defense. As such his discovery requests under Rule 16 must be denied.

Lastly, defendant Hubbard requests that the Court order the government to "consult with other Executive Branch agencies who possess material that is helpful to the defense with regard to the allegations identified in this motion." [DE:92 at 5]. The defendant argues that Rule 16's use of the word "government" is not limited to the United States Attorney's Office, but citing U.S. v. Safavian, 233 F. R. D. 12 (D. D. C. 2005) includes "any and all agencies and departments of the Executive Branch of the government and their subdivisions, not just the Justice Department, the FBI and other law enforcement agencies. Safavian, 233 at 15-16. The scope of the defendant's request is unclear. If defendant Hubbard is asking this Court to order the government to canvass all Executive Branch agencies to see if any potentially possess material that is helpful to the

defense, that request amounts to a "fishing expedition" that the prosecution has no duty to undertake. As another District of Columbia district court stated post-Safavian, "to require the government to search the files of every agency in the Executive Branch 'would not only wreak havoc, but would give the defense access to information not readily available to the prosecution.'" United States v. Libby, 429 F.Supp. 2nd 1, 2 (D.D.C. 2006).

Rule 16 (a)(1)(E) limits the government's obligation to produce documents and objects to those within the government's "possession, custody, or control." Assuming, as the defense does, that the same principle of *Brady* regarding the government's obligation to turn over information in its possession, custody, or control applies in the Rule 16 context, the defendant's request of the Court to compel the government to "consult" with unnamed executive branch agencies is without support.

While there can be little doubt that *Brady* extends beyond material actually in the prosecutor's possession, the degree to which a prosecutor must glean information from another agency to satisfy a defendant's request is not unlimited. The Supreme Court in Kyles v. Whitley stated that the prosecutor "has a duty to learn of any favorable evidence known to the others acting on the government's behalf in the case, including the police." 514 U.S. 419, 437 (1995). If the material being sought is not in the possession of the prosecutor, or in the possession of "others acting on the government's behalf in the case," the evidence sought falls outside the prosecutor's *Brady* obligations. Id. See also, United States v. Meros, 866 F.2d 1304, 1309 (11th Cir. 1989). (*Brady* applies only to information possessed by the prosecutor or anyone over whom he has authority and

a prosecutor has no duty to undertake a fishing expedition in other jurisdictions in an effort to find potentially impeaching evidence every time a criminal defendant makes a *Brady* request for information regarding a government witness.)

The government is currently unaware of any *Brady* material held by other agencies, but is aware of its continuing obligation to provide *Brady* material.

CONCLUSION

Defendant Hubbard's Motion to Compel should be denied. The United States is aware of its continuing discovery obligations. The government has complied and continues to comply with statutory notice obligations, and discovery obligations. Discoverable material in the possession of the government has either been tendered to the defense, is in the process of being tendered, or will

be addressed with the Court through the Classified Information Produces Act. The government has fulfilled its duty to search as required by law and department policy. Responsive material, to the extent any is uncovered, will be provided.

Dated: March 7, 2017

Respectfully submitted,

BENJAMIN G. GREENBERG
ACTING UNITED STATES ATTORNEY

By: */s/ Edward C. Nucci*
Edward C. Nucci
Assistant United States Attorney
Florida Bar No. 0794406
500 S. Australian Avenue, Suite 400
West Palm Beach, FL 33401-6235
Tel: (561) 820-8711
Fax: (561) 820-8777
Edward.Nucci@usdoj.gov

By: */s/ Karen E. Gilbert*
Karen E. Gilbert
Assistant United States Attorney
Florida Bar No. 771007
99 N.E. 4th Street, 8th Floor
Miami, Florida 33132
Karen.Gilbert@usdoj.gov

By: */s/ Lawrence Schneider*
Lawrence Schneider
Trial Attorney
Admin No. A5501085
Counterterrorism Section
National Security Division
U.S. Department of Justice
Phone: (202) 616-4940
Larry.Schneider@usdoj.gov

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on March 7, 2017, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.

By: *<u>/s/ Edward C. Nucci</u>*
Edward C. Nucci
Assistant United States Attorney

# SERVICE LIST

**United States v. Gregory Hubbard, et al**
**Case No. 16-80107-CR-HURLEY/HOPKINS**
**United States District Court, Southern District of Florida**

Edward C. Nucci
Assistant U.S. Attorney
Edward.Nucci@usdoj.gov
U.S. Attorney's Office
500 S. Australian Avenue
Suite 400
West Palm Beach, FL 33401
Telephone: (561) 820-8711
Facsimile: (561) 820-8777
**Attorney for United States**
[Service via CM/ECF]

Karen E. Gilbert
Assistant U.S. Attorney
Karen.Gilbert@usdoj.gov
U.S. Attorney's Office
99 N.E. 4th Street
8th Floor
Miami, FL 33132
Telephone: (305) 961-9161
Facsimile: (305) 536-4675
**Attorney for United States**
[Service via CM/ECF]

Lawrence Schneider
Trial Attorney
Counterterrorism Section
National Security Division
U.S. Department of Justice
Admin No. A5501085
Telephone: (202) 616-4940
Larry.Schneider@usdoj.gov
**Attorney for United States**

Anthony John Natale
Federal Public Defender's Office
150 W Flagler Street
Suite 1500
Miami, FL 33130-1556
305-523-4246
Fax: 305-530-7120
Email: Anthony_Natale@fd.org
**Attorney for Gregory Hubbard**
[Service via CM/ECF]

Michael Salnick
1645 Palm Beach Lakes Boulevard
Suite 1000
West Palm Beach, FL 33401
561-471-1000
Fax: 561-659-0793
Email: msalnick@fblawn.net
**Attorney for Dayne Antani Christian**
[Service via CM/ECF]

Julie Prag Vianale
Vianale & Vianale
5550 Glades Road
Suite 500
Boca Raton, FL 33431
561-392-4750
Fax: 561-961-5191
Email: jvianale@vianalelaw.com
**Attorney for Darren Arness Jackson**
[Service via CM/ECF][Service via CM/ECF]