**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 16-CR-080107-ROSENBERG**


**UNITED STATES OF AMERICA,**
        **Plaintiff,**

**v.**


**GREGORY HUBBARD,**
        **Defendant.**
_____/


## SECOND JOINT STATUS REPORT


The United States and defendant Gregory Hubbard, pursuant to the court's order dated March 31, 2017, (DE 110), hereby file this second joint status report addressing the status of all the discovery related matters discussed at the status conferences held on January 26, 2017 and March 14, 2017, as well as any additional matters the parties would like to address with the Court.

Six categories of discovery were identified at the prior status conference:

1. Discovery of co-defendants' electronic devices

   Completed. No further issues for the Court at this time.

2. Consensual Audio Recordings

   Completed. No further issues for the Court at this time.

3. Consensual Video Recordings

   Completed. No further issues for the Court at this time.

1

4. <u>Transcripts of Consensual Recordings</u>

The government continues to submit recordings for transcription and coordinate with defense counsel. The government also has begun providing defense counsel with draft transcripts on a rolling basis. It is unclear when the transcription of recordings will be complete. No further issues for the Court at this time.

5. <u>Forensic Review of Hubbard's devices</u>

Counsel for Hubbard is conducting his own forensic review. No further issues for the Court at this time.

**6. <u>Defense counsel-requested discovery pursuant to *Brady, Giglio, Napue*, and *Bruton*</u>**

Defense counsel has requested 62 discovery disclosures, as itemized in Exhibit A attached to D.E. 92 filed on March 3, 2017. The parties respectfully submit the following summary of the results of their collaboration.

**a. <u>Discovery requests resolved by the parties:</u>**

Four (4) defense requests (defense request numbers: 33, 34, 36 and 47) have been resolved by the parties.

**b. <u>Discovery requests considered *Giglio* by the government and subject to the July 31, 2017 disclosure deadline</u>**

<u>Government counsel's position:</u>

Twenty-five (25) discovery disclosure requests (defense request numbers: 5, 6, 7, 8, 9, 10, 12, 13, 14, 15, 16, 18, 19, 20, 21, 22, 28, 32, 38, 45, 46, 51, 52, 56 and 57) relate to *Giglio* and impeachment information. By agreement of the parties, *Giglio* and impeachment information will be provided on or before July 31, 2017, unless otherwise agreed by the parties or ordered by the Court. To the extent that the following defense discovery disclosure requests contain

discoverable impeachment and *Giglio* information, such materials will be provided as stated above. The government is currently in the process of reviewing materials for *Giglio* and impeachment information and such review will be ongoing to comply with the July 31st date for disclosure to defense counsel.

Defense counsel's position:

At the May 8, 2017, meeting among counsel, the government was unclear as to which portions of each request it was either able to comply with or which portions it would object to even if it was able to comply. This hinders the ability of defense counsel to provide clarification on the requests or portions of requests to which the government objects and thus undermines the ability of the parties to work together to resolve these issues without judicial intervention.

The government was also unclear as to when it would be able to inform defense counsel as to which portions of each request it would not comply with so that defense counsel would be able to file the appropriate motions in order to ensure that the issues are resolved in a timely fashion and without delaying the specially-set trial date of October 30, 2017.

Without belaboring the points raised in the motions to compel discovery [DE 92], defense counsel reiterates its position that these requests are discoverable under Fed. R. Crim. P. 16, *Brady*, *Giglio*, *Napue*, and *Bruton*.

**c.** **Discovery requests considered not to be discoverable by the government**

Government counsel's position:

Twenty-three (23) discovery disclosure requests (defense request numbers 11, 17, 23, 24, 25, 26, 27, 37, 39, 40, 41, 42, 43, 44, 48, 49, 50, 53, 54, 55, 58, 61, and 62) call for responses which are not discoverable and may also call for disclosure of sensitive law enforcement

investigative techniques, sources and methods. However, to the extent that any information related to the underlying topic of each of these requests contains *Giglio*, impeachment or other discoverable information, such information will be provided to the defense in accordance with the July 31st disclosure mentioned above. The government is currently in the process of reviewing materials for *Giglio* and impeachment information and such review will be ongoing to comply with the July 31st date for disclosure to defense counsel.

Defense counsel's position:

At the May 8, 2017, meeting among counsel, the government was unclear as to which portions of each request it was either able to comply with or which portions it would object to even if it was able to comply. This hinders the ability of defense counsel to provide clarification on the requests or portions of requests to which the government objects and thus undermines the ability of the parties to work together to resolve these issues without judicial intervention.

The government was also unclear as to when it would be able to inform defense counsel as to which portions of each request it would not comply with so that defense counsel would be able to file the appropriate motions in order to ensure that the issues are resolved in a timely fashion and without delaying the specially-set trial date of October 30, 2017.

Without belaboring the points raised in the motions to compel discovery [DE 92], defense counsel reiterates its position that these requests are discoverable under Fed. R. Crim. P. 16, *Brady*, *Giglio*, *Napue*, and *Bruton*.

**d.  Other Discovery requests:**

Government counsel's position:

For request numbers 29, 30, 31, 59, and 60, the government is aware of its discovery

obligations and has been complying with them throughout the pendency of this case, and will continue to do so. The government will continue to comply with all statutory notice obligations. Discoverable material in the possession of the government has either been or will be tendered to the defense or will be addressed to the Court through the Classified Information Procedures Act (CIPA).

<u>Defense counsel's position:</u>

Defense counsel would like to confirm the deadline by which the government intends to comply with its discovery obligations and/or when the government intends to address the issues with the Court through the procedures set forth in CIPA in order to ensure that the issues are resolved in a timely fashion and without delaying the specially-set trial date of October 30, 2017.

**e. <u>Discovery requests that the government contends that it is currently unaware of any evidence that would be responsive:</u>**

<u>Government counsel's position:</u>

For request numbers 1, 2, 3, and 4, the government is currently unaware of any evidence that would be offered in its case in chief that is responsive to these questions. However, review of the electronic devices and media of the defendants is continuing.

<u>Defense counsel's position:</u>

Defense counsel's position is that even if the government is not intending to offer evidence "in its case in chief that is responsive to these questions," the requests are still discoverable for the reasons stated in DE 92. Accordingly, defense counsel would request that the Court set a deadline for discovery disclosures in this case.

7. <u>Expert Disclosures</u>

The government has provided notice of its experts. Defense counsel has agreed to provide

notice of its experts on or before July 31, 2017.

     8.  <u>Deadlines for Motions, Discovery Production, and any Other Deadlines</u>

     Due to the unresolved questions involving the majority of the defense-requested discovery, the parties have been unable to reach an agreed-upon list of deadlines for pre-trial motions, discovery production, jury questionnaire, voir dire questions, and jury instructions.

     9.  <u>Request for Status Conference</u>

     The parties would respectfully request a status conference with the Court to discuss the most expedient way forward on the unresolved substantive and scheduling issues raised in this second joint status report. Based upon conversations with this Court's courtroom deputy, it appears that the Court has availability on May 17, 2017 at 2:00 p.m.; accordingly, the parties would respectfully request that a status conference be scheduled for that date and time.

     Respectfully submitted by counsel for the government and Mr. Hubbard,

| | |
|---|---|
| BENJAMIN G. GREENBERG | MICHAEL CARUSO |
| ACTING UNITED STATES TTORNEY | FEDERAL PUBLIC DEFENDER |

By:  */s/ Karen E. Gilbert*             By:  */s/ Anthony J. Natale*
     KAREN E. GILBERT                  ANTHONY J. NATALE
     Assistant United States Attorney        Supervisory Assistant Federal Public Defender
     Florida Bar No. 771007               Florida Bar No. 296627
     99 NE 4th Street, Suite 800           150 West Flagler Street, Suite 1700
     Miami, FL 33132                   Miami, FL 33130
     Tel: (305) 961-9000                Tel: (305) 530-7000
     Fax: (305) 536-4675               Fax: (305) 536-4559
     Karen.Gilbert@usdoj.gov         Vanessa_Chen@fd.org

     */s/ Edward Nucci*                  */s/ Vanessa L. Chen*
     Edward Nucci                      Vanessa L. Chen
     Assistant United States Attorney        Assistant Federal Public Defender

_/s/ Lawrence Schneider_
Lawrence Schneider
Trial Attorney
United States Department of Justice
National Security Division

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was served by CM/ECF to all counsel listed this 11th day of May, 2017.

By:   _/s/ Karen E. Gilbert_____         By:   _/s/ Anthony J. Natale_____
         KAREN E. GILBERT                                  ANTHONY J. NATALE

7