UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 16-80107-CR-ROSENBERG/HOPKINS(s)
18 U.S.C. § 2339B(a)(1)
18 U.S.C. § 922(d)(1)
18 U.S.C. § 2

UNITED STATES OF AMERICA

v.

GREGORY HUBBARD,
    a/k/a "Jibreel,"
                    Defendant.
_____/

FILED by ___ D.C.

SEP 19 2017

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

## SUPERSEDING INDICTMENT

The Grand Jury charges that:

### COUNT 1

**Conspiring to Provide Material Support to a
Foreign Terrorist Organization
(Islamic State of Iraq and al-Sham)
(18 U.S.C. § 2339B(a)(1))**

Beginning on a date unknown to the Grand Jury, but no later than July 2015, and continuing through on or about July 21, 2016, in Palm Beach County, in the Southern District of Florida and elsewhere, the defendant,

**GREGORY HUBBARD,
a/k/a "Jibreel,"**

did knowingly combine, conspire, confederate, and agree with Dayne Antani Christian, a/k/a "Shakur," and Darren Arness Jackson, a/k/a "Daoud," and with others known and unknown to the Grand Jury, to provide "material support or resources," as that term is defined in Title 18, United States Code, Section 2339A(b), including personnel, to a foreign terrorist organization, that is, the

Islamic State of Iraq and al-Sham ("ISIS"), which at all relevant times was designated by the Secretary of State as a foreign terrorist organization pursuant to Section 219 of the Immigration and Nationality Act ("INA"), knowing that ISIS was a designated foreign terrorist organization (as defined in Title 18, United States Code, Section 2339B(g)(6)), that ISIS engages and has engaged in terrorist activity (as defined in section 212(a)(3)(B) of the INA), and that ISIS engages and has engaged in terrorism (as defined in section 140(d)(2) of the Foreign Relations Authorization Act, Fiscal Years 1988 and 1989); all in violation of Title 18, United States Code, Section 2339B(a)(1).

## COUNT 2

### Attempting to Provide Material Support to a Foreign Terrorist Organization
### (Islamic State of Iraq and al-Sham)
### (18 U.S.C. § 2339B(a)(1))

Beginning on a date unknown to the Grand Jury, but no later than July 2015, and continuing through on or about July 21, 2016, in Palm Beach County, in the Southern District of Florida and elsewhere, the defendant,

**GREGORY HUBBARD,**
a/k/a "Jibreel,"

aided and abetted by Dayne Antani Christian, a/k/a "Shakur," and Darren Arness Jackson, a/k/a "Daoud," did knowingly attempt to provide "material support and resources," as that term is defined in Title 18, United States Code, Section 2339A(b), including personnel, to a foreign terrorist organization, that is, the Islamic State of Iraq and al-Sham ("ISIS"), which at all relevant times was designated by the Secretary of State as a foreign terrorist organization pursuant to Section 219 of the Immigration and Nationality Act ("INA"), knowing that ISIS was a designated foreign terrorist organization (as defined it Title 18, United States Code, Section 2339B(g)(6)), that ISIS engages and has engaged in terrorist activity (as defined in section 212(a)(3)(B) of the

2

INA), and that ISIS engages and has engaged in terrorism (as defined in section 140(d)(2) of the Foreign Relations Authorization Act, Fiscal Years 1988 and 1989); all in violation of Title 18, United States Code, Sections 2339B(a)(1) and 2.

## COUNT 3
## Transfer of Ammunition to a Felon
## (18 U.S.C. § 922(d)(1))

*[handwritten: Transfer / D / 9-19-17]*

Between on or about July 16, 2016, through on or about July 21, 2016, in Palm Beach County, in the Southern District of Florida, the defendant,

**GREGORY HUBBARD,**
**a/k/a "Jibreel,"**

did knowingly dispose of a firearm and ammunition, that is, a .22 caliber Marlin Rifle, serial number 91458788, and one (1) ammunition canister containing approximately the following: (98) .40 caliber rounds, (94) 9mm rounds, (140) .22 caliber rounds, (1) 7.62 x 39mm round, (1271) .22 long rifle rounds, and (25) 12 gauge shotgun shells, to a person, that is Dayne Antani Christian, a/k/a "Shakur," knowing and having reasonable cause to believe that such person had been previously convicted in any court of a crime punishable by imprisonment for a term exceeding one year, in violation of Title 18, United States Code, Sections 922(d)(1) and 924(a)(2).

## CRIMINAL FORFEITURE

1. Upon conviction of any of the violations alleged in Counts 1 and 2 of this Superseding Indictment, defendant **GREGORY HUBBARD, a/k/a "Jibreel,"** shall forfeit to the United States all assets, foreign or domestic

   a. of any individual, entity or organization engaged in planning or perpetrating any Federal crime of terrorism against the United States, citizens or residents of the United States,

3

or their property, and all assets, foreign or domestic, affording any person a source of influence over any such entity or organization;

      b.     acquired or maintained by any person with the intent and for the purpose of supporting, planning, conducting, or concealing any Federal crime of terrorism against the United States, citizens or residents of the United States, or their property;

      c.     derived from, involved in, or used or intended to be used to commit any Federal crime of terrorism against the United States, citizens or residents of the United States, or their property; or

      d.     of any individual, entity, or organization engaged in planning or perpetrating any act of international terrorism against any international organization or against any foreign Government, including, but not limited to, the following:

        i. One (1) Marlin .22 caliber rifle, bearing serial number 91458788.

        ii. Various rounds of miscellaneous caliber ammunition.

Pursuant to Title 28, United States Code, Section 2461, Title 18, United States Code, Section 981(a)(1)(G), and Title 21, United States Code, Section 853.

2. Upon conviction of the violation alleged in Count 3 of this Superseding Indictment, the defendant **GREGORY HUBBARD, a/k/a "Jibreel,"** shall forfeit to the United States any firearm or ammunition involved in or used in, or intended to be used in said violation, including, but not limited to, the following:

        i. One (1) Marlin .22 caliber rifle, bearing serial number 91458788.

        ii. Various rounds of miscellaneous caliber ammunition.

Pursuant to Title 28, United States Code, Section 2461, Title 18, United States Code, Section 924(d), and the procedures outlined at Title 21, United States Code, Section 853.

A TRUE BILL

_____
FOREPERSON

*[signature]*
BENJAMIN G. GREENBERG
ACTING UNITED STATES ATTORNEY

*[signature]*
KAREN E. GILBERT
ASSISTANT UNITED STATES ATTORNEY

*[signature]*
EDWARD C. NUCCI
ASSISTANT UNITED STATES ATTORNEY

*[signature]*
LAWRENCE SCHNEIDER
TRIAL ATTORNEY

5

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

vs.

GREGORY HUBBARD, a/k/a "Jibreel"
Defendant.
_____ /

CASE NO.   16-80107-CR-ROSENBERG/HOPKINS(s)

## CERTIFICATE OF TRIAL ATTORNEY*

**Superseding Case Information:**

**Court Division:** (Select One)

____ Miami    ____ Key West
____ FTL      __X__ WPB    ____ FTP

New Defendant(s)      Yes ____   No __X__
Number of New Defendants  ____
Total number of counts    ____

I do hereby certify that:

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3. Interpreter: (Yes or No)   __No__
   List language and/or dialect   _____

4. This case will take __10__ days for the parties to try.

5. Please check appropriate category and type of offense listed below:

   (Check only one)

   I    0 to 5 days      ____
   II   6 to 10 days     __X__
   III  11 to 20 days    ____
   IV   21 to 60 days    ____
   V    61 days and over ____

   (Check only one)

   Petty    ____
   Minor    ____
   Misdem.  ____
   Felony   __X__

6. Has this case been previously filed in this District Court? (Yes or No) __Yes__
   If yes:
   Judge: __Rosenberg__   Case No. __16-80107-Cr-Rosenberg/Hopkins__
   (Attach copy of dispositive order)
   Has a complaint been filed in this matter?   (Yes or No)  __Yes__
   If yes:
   Magistrate Case No.  __16-3010-CMM__
   Related Miscellaneous numbers: _____
   Defendant(s) in federal custody as of _____
   Defendant(s) in state custody as of _____
   Rule 20 from the  District of _____

   Is this a potential death penalty case? (Yes or No)   __No__

7. Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to October 14, 2003?  ____ Yes  __X__ No

8. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to September 1, 2007?  ____ Yes  __X__ No

_____
EDWARD C. NUCCI
ASSISTANT UNITED STATES ATTORNEY
Florida Bar No. 794406

*Penalty Sheet(s) attached

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name:**  GREGORY HUBBARD, a/k/a "Jibreel"

**Case No:** 16-80107-CR-ROSENBERG/HOPKINS(s)

Count #: 1

Conspiring to Provide Material Support to a Foreign Terrorist Organization

Title 18, United States Code, Section 2339B(a)(1)

**\*Max. Penalty:** 20 Years' Imprisonment; $ 250,000 Fine; any term of years or life Supervised Release

Count #: 2

Attempting to Provide Material Support to a Foreign Terrorist Organization

Title 18, United States Code, Section 2339B(a)(1)

**\* Max. Penalty**: 20 Years' Imprisonment; $ 250,000 Fine; any term of years or life Supervised Release

Count #: 3

Sale of Ammunition to a Felon

Title 18, United States Code, Section 922(d)(1)

**\*Max. Penalty:** 10 Years' Imprisonment; $ 250,000 Fine; 3 years' Supervised Release

Count #:

**\*Max. Penalty:**

\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.